IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TONY GOODWIN,**

        Petitioner,

v.                                                                      **Civil Action No. 5:22-CV-291**
                                                                            Judge Bailey

**WARDEN ROANE,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's petition be denied and dismissed without prejudice. *See* [Doc. 6].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Petitioner timely filed his objections on January 20, 2023. *See* [Doc. 8].

In his objections, petitioner states he made "several good faith attempts to exercise his right to administrative remedy" but "the tactics that are used by staff here at F.C.I. Gilmer, are designed to discourage and circumvent the process." *See* [Doc. 8].

This Court agrees with Magistrate Judge Mazzone's finding that petitioner failed to exhaust his administrative remedies. As stated by Magistrate Judge Mazzone:

> Here, the petitioner's failure to exhaust administrative remedies is apparent on the face of the petition. Although petitioner checked a box indicating he had presented the facts of the petition through the prison's internal grievance procedure, he states "I only received a verbal response once and I was told to see my unit team. I asked and I was told to file, once I filed, I never received a response." [Doc. 1 at 7]. He goes on to state, "I filed with the institution. I cannot proceed without a response." [Id. at 8].

*See* [Doc. 6 at 5]. Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Thus, by his own account, petitioner has not exhausted his administrative remedies and his objections provide no evidence to hold otherwise.

Thus, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 6**] is **ADOPTED**, and petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Petitioner's Objection [**Doc. 8**] is **OVERRULED**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 25, 2023.

                                                    **JOHN PRESTON BAILEY**
                                                    **UNITED STATES DISTRICT JUDGE**